FILED
CLERK

9/14/2016 1:51 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
DERRICK ALLEN SMALL,

                              Plaintiff,

        -against-

AUDREY D. CRAWFORD, F. POUGH, R. JULIAN, #868;
DAVID ROSENFELD,

                              Defendants.
----------------------------------------------------------------------------X

**ORDER**
16-CV-3880 (JMA)(AYS)

**AZRACK, United States District Judge:**

On June 22, 2016, *pro se* plaintiff Derrick Allen Small filed a complaint in this Court against Nassau County Parole Hearing Judge Audrey D. Crawford ("ALJ Crawford"), Senior Parole Officer F. Pough ("S.P.O. Pough"), Parole Officer R. Julian #88 ("P.O. Julian"), and Legal Aid Attorney David Rosenfeld ("Rosenfeld" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii-iii) for the reasons that follow.

## I.   BACKGROUND[1]

Plaintiff seeks to challenge the decision of ALJ Crawford relating to plaintiff's preliminary parole hearing. According to the complaint, P.O. Julian and S.P.O. Pough violated plaintiff's

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

Fourth and Fifth Amendment rights by arresting plaintiff on "fabricated evidence and perjurious [sic] statements." (Compl. at 5.) Plaintiff claims that he was arrested on October 7, 2015 when he reported for a routine parole visit and that he was charged with, *inter alia*, possession of a knife. (Id.) According to the complaint, the defendants "never had evidence of a knife." (Id.) Plaintiff claims that ALJ Crawford violated plaintiff's rights by permitting P.O. Julian and another witness to commit perjury during his parole revocation hearing. Further, plaintiff complains that ALJ Crawford relied on "irreconcilable inconsistencies" in reaching her decision in violation of plaintiff's Fifth and Sixth Amendment rights. (Id. at 6.) Finally, plaintiff alleges that his Legal Aid defense attorney, Rosenfeld, violated his rights by failing to order a copy of the preliminary hearing minutes, even though they were relevant to plaintiff's defense at the final parole hearing. (Id. at 7.)

Although plaintiff does not allege that he has suffered any injuries as a result of the foregoing, plaintiff seeks to recover a monetary damages award in the amount of $8,180,000.00 plus an additional $480.00 per month "in rescissory [sic] damages, starting from October 7, 2016[2] to when this case is heard by the court." (Id. at 8.)

## II.   DISCUSSION

**A.   *In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

---

[2] The Court presumes the plaintiff intended to allege 2015, not 2016, since the events described in the complaint are alleged to have occurred on October 7, 2015.

**B.     Standard of Review**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1.    ALJ Crawford, S.P.O. Pough, and P.O. Julian are Immune from Suit

The Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York State has not consented to § 1983 suits in federal court . . . and that § 1983 was not intended to override a state's sovereign immunity." Mamot v.

4

Board of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citation omitted).

Where, such as here, a parole officer or Administrative Law Judge, is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. Barlow v. Fischer, 10-CV-0535, 2011WL 673784, *1 (N.D.N.Y. Feb. 17, 2011) (dismissing official capacity claims against the Chairman of the DOCS Division of Parole because they were barred by the Eleventh Amendment); Stone v. N.Y. City Dept. of Homeless Servs., 159 F. App'x 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993) (citation omitted).

Similarly, plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n.14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, the Eleventh Amendment precludes any claim for monetary damages against ALJ Crawford, S.P.O. Pough and P.O. Julian in their official capacities.[3] Although plaintiff has not designated whether he seeks to sue these individuals in their official or personal

---

[3] Moreover, ALJ Crawford is entitled to absolute immunity given that the Second Circuit has long held that "parole board officials, like judges, are entitled to absolute immunity from suit for damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999).

capacities, given the nature of the allegations, it appears that plaintiff intended to sue them in their official capacities and, as such, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984). Accordingly, plaintiff's claims against ALJ Crawford, S.P.O. Pough and P.O. Julian are not plausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii).[4]

### 2. Claim Against Rosenfeld

As noted above (see supra at 4), in order to state a Section 1983 claim, a plaintiff must allege, *inter alia,* that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Rosenfeld is alleged to be plaintiff's criminal defense attorney in an underlying state court criminal matter. It is well established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Thus, because Rosenfeld is a private actor, he does not act under color of state law. However, a private actor, such as Rosenfeld, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional

---

[4] Plaintiff's Section 1983 claims against these defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

6

rights.  Ciambriello, 292 F.3d at 323-24.

To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."  Id. at 324–25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir.1999)).  Here, as is readily apparent, plaintiff has not alleged any facts from which the Court could liberally construe joint action by Rosenfeld with a state actor or that he conspired with a state actor to deprive plaintiff of some constitutional right.  Thus, plaintiff has not alleged a plausible conspiracy claim.  Because Rosenfeld is not a state actor, there is no legal basis for a Section 1983 claim against him.  See, e.g., Polk County, 454 U .S. at 325.  Accordingly, plaintiff's Section 1983 claim against Rosenfeld fails as a matter of law, and it is dismissed pursuant to 28 U.S.C. § 1915(e)(2) (B)(ii).

### D.    Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)).  Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'" afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."

Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. Given that the deficiencies in plaintiff's claims are substantive and would be cured if given an opportunity to amend the complaint, leave to amend the complaint is denied.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but plaintiff's claim are *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii-iii). The Clerk of the Court shall mail a copy of this Memorandum and Order to the *pro se* plaintiff and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


**SO ORDERED.**                                                  /s/ JMA
                                                                                 Joan M. Azrack
Dated:   September 14, 2016                          United States District Judge
              Central Islip, New York